### DANIEL SIBLEY *vs.* GROVE E. HULBERT.

An action may be maintained against the payee of a promissory note for oral false representations at the time of selling it that it has not been paid.

In an action against the seller of a promissory note which has been paid, for knowingly misrepresenting at the time of the sale that it was still due and unpaid, the measure of damages is the full amount of the note.

A judgment for the maker, upon a plea of payment to the payee, in an action by an indorsee upon a promissory note, is not conclusive evidence of the holder's right to maintain an action of tort against the payee for selling the note to him with a false representation that it was a good note and unpaid.

ACTION OF TORT for false representations, that a promissory note of Ingalls & Clark, delivered by the defendant to the

plaintiff, in part payment for a yoke of oxen, was a good, due and unpaid note.

At the trial in the superior court before *Putnam*, J., the plaintiff was allowed to introduce oral evidence of such representation against the defendant's objection to their admissibility, because not in writing.

The only evidence offered by the plaintiff to prove the note had been paid at the time when the defendant said it had not, and that the defendant's representations were false, was the record of a judgment of the court of common pleas, rendered before the commencement of this suit, in an action brought by the plaintiff against the makers of the note, to enforce payment of it, in which they pleaded payment of the note by one of them to the payee, and obtained a verdict and judgment. It was not contended that the payee was requested to take upon himself the prosecution of that suit, or that the plaintiff had ever offered to return the note to him ; but evidence was introduced tending to show that he had notice of the pendency of that suit, was summoned and testified as a witness, was informed beforehand of the defence set up, and requested to have his proofs ready at the trial that the note had not been paid to him as pleaded. The defendant objected to the admission of this judgment for any purpose. But the judge ruled that, if he had notice of the suit, and was requested to have his proofs at the trial, and had reasonable time and opportunity to do so, then the judgment would be conclusive evidence that the note had been paid to him as then pleaded, and he could not now be permitted to prove that the payment was not made on the note, but on account of other demands.

The jury were instructed that if the representations were as to the quality of the note, and not as to the character of the makers, they need not be in writing; that they must be satisfied that the representations made were intended and understood to mean that this was a subsisting unpaid note, and were false, and the plaintiff was deceived by them and took the note, relying wholly or in part upon their truth.

The defendant introduced evidence that, at the time of his

transfer of the note to the plaintiff, one of the makers was of no ability to pay, and the other was largely in debt and in failing circumstances; and contended that if the jury found for the plaintiff, the rule of damages would be the fair value of a note against such makers. But the judge ruled that the jury need not take into consideration the solvency or insolvency of the makers at that time, and what would be the result upon an equal distribution of their assets; that if they were satisfied that the makers, or either of them, had property sufficient to pay this note, by attachment of which it could be secured, then the plaintiff was entitled to receive the amount of the note and interest; but if they had not sufficient property for that purpose, then the plaintiff was entitled to only such part of the note as they should find the makers would have been able to pay; and if they should find that the makers were wholly worthless at the time in question, then the plaintiff had suffered no damage by the representation that it was unpaid. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. D. Colt*, for the defendant.

*S. W. Bowerman*, for the plaintiff.

HOAR, J. 1. It was not necessary to the maintenance of the plaintiff's action, that the false representations should have been made in writing. They were in effect merely representations as to the defendant's ownership of a piece of property which he was selling.

2. The rule of damages for which the defendant contends cannot be sustained, and that which was adopted at the trial was too favorable to him. If he sold a note which had been paid, knowingly making the false representation that it was still due and unpaid, the jury ought not to make an estimate of the market value of the note. The fact that the maker has paid it in full is conclusive evidence that he could pay it. To assess any less sum than the full amount of the note would be to allow the defendant to retain a part of it as the profit upon his own fraud and falsehood.

3. But upon the question of the sufficiency of the evidence

to support the plaintiff's case, we think that an error occurred at the trial, which will require the verdict to be set aside and a new trial granted. The declaration is not upon a warranty, nor in contract upon a failure of consideration; but is in tort, for a deceit in making a false representation, with a knowledge that it was false. The *scienter* is alleged, and is of the gist of the action. Upon this issue between the parties, the former judgment certainly cannot be conclusive. In the action in which that judgment was recovered, the fact of payment, and not the knowledge of the defendant, was the fact to be determined. The note might have been paid to an agent of the defendant, or in some other way which would be legally binding upon him, and yet he might have had no personal knowledge of the payment. The ruling of the presiding judge, therefore, was erroneous in disregarding the *scienter*, and leaving the case to the jury as if the question whether the note had in fact been paid were the whole question at issue.

*Exceptions sustained.*